1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALONZO REED,

11             Petitioner,                    No. CIV S-05-0570 FCD GGH P

12        vs.

13   SCOTT KERNAN, Warden,

14             Respondent.                    _____ORDER_____

15   _____/

16             Petitioner, proceeding pro se, has filed a petition pursuant to 28 U.S.C. §2254.

17   Petitioner challenges a Rules Violation Report (RVR) hearing at High Desert State Prison on

18   March 18, 2004, in which he was found guilty for refusing to sign a conditions of parole form, a

19   condition of which required that he register as a sex offender, and, according to petitioner, at

20   which he was assessed 90 days.[1]  Petition, p. 3.  Petitioner avers that he had served his entire

21   eight-year sentence, with no half-time credit, as of March 2, 2004, for possession of a firearm

22   with an enhancement for serving a prior prison term.  Petition, p. 5; traverse, p. 2.

23

24        [1] Respondent's Exhibit C, however, indicates that petitioner was not assessed any loss of
     time credits at the March 18, 2004 RVR hearing.  Answer, pp. 2-5, Exh. C.  Petitioner was
25   evidently presented with a Notice of Sex Offender Registration Requirement, which he refused to
     sign on February 5, 2004, for which he was issued an RVR and assessed a 30 day credit loss on
26   February 25, 2004.  Answer, pp. 2, 5, Exh. B.

1    Petitioner further alleges that the March 18, 2004 RVR formed the basis for his

2  referral to the Board of Prison Terms for an April 12, 2004 parole revocation hearing, which he

3  also challenges herein, at which he claims the evidence was insufficient to warrant his being

4  required to register as a sex offender; at that hearing a document, the March 18, 2004 RVR

5  report, was introduced which resulted in a six month parole violation for petitioner.  Id., p. 6.

6  This violation kept petitioner from paroling on March 2, 2004.  Id.

7    Pending before the court is petitioner's motion to strike from respondent's answer,

8  Exhibit A, pages 1 through 10 of petitioner's criminal history, as well as that portion of Exhibit

9  E, a copy of the September 30, 2004 revocation hearing disposition, that states that he was

10  provided with a copy of the conviction(s) for which he was required to register as a sex offender.

11    Petitioner contends that Exhibit A is not authenticated and is irrelevant to the

12  Rules Violation Report proceedings and parole revocation at issue, although he does not assert

13  that the criminal history recounted therein is inaccurate.  In this case, the court would only

14  consider petitioner's motion to strike on the ground that the criminal history is not authenticated

15  if petitioner specifically identified and alleged incorrect entries.

16    Petitioner states that his criminal history was not presented at, or a part of, the

17  proceedings he is challenging.  Whether or not petitioner was convicted of, for example, indecent

18  exposure is a separate question from whether or not he was, in fact, presented with evidence of

19  such a conviction at a hearing.  Should the court consider Exhibit A, it will be doing so only for

20  the purpose of ascertaining whether or not petitioner has been convicted of offenses for which his

21  registration as a sex offender is or could be required under the relevant state statute.  The court

22  will not grant petitioner's motion to strike any portion of this exhibit.

23    As to a portion of Exhibit E, petitioner does aver that the representation that he

24  received a copy of the conviction(s) of indecent exposure (which apparently formed the basis of

25  the requirement that he register as a sex offender) alleged is inaccurate.   However, petitioner

26  makes eminently clear in his traverse that he wholly disputes that he was provided with such a

1   conviction at his parole revocation hearing,[2] which conviction, moreover, he maintains is non-

2   existent.  Traverse, pp. 4-5.   Thus, striking any portion of the exhibit at this time appears to be

3   both premature and unnecessary.

4          Petitioner concludes his motion for the above-described exhibits to be stricken

5   from the record with a wholly conflicting request, that the court take judicial notice of those very

6   exhibits.   Petitioner's motion will be denied.

7          Accordingly, IT IS ORDERED that petitioner's July 26, 2005 motion to strike any

8   portion of Exhibits A and E from the answer is denied.

9   DATED:   2/22/06

10                                 /s/ Gregory G. Hollows

11                                 GREGORY G. HOLLOWS
                                   UNITED STATES MAGISTRATE JUDGE
12

13

14   GGH:009
     reed0570.ord
15

16

17

18

19

20

21

22

23

24

---

[2] It appears that this exhibit may be relevant only to a subsequent parole revocation
25   hearing, which occurred on September 30, 2004, and which is not at issue herein; the court will
     only consider relevant exhibits, but will not strike an exhibit prior to reaching the merits of
26   petitioner's claims.