IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO REED,

    Petitioner,                               No. CIV S-05-0570 FCD GGH P

    vs.

SCOTT KERNAN, Warden,

    Respondent.                             ORDER

_____/

        Petitioner, proceeding pro se, has filed a petition pursuant to 28 U.S.C. §2254. Petitioner challenges a Rules Violation Report (RVR) hearing at High Desert State Prison on March 18, 2004, in which he was found guilty for refusing to sign a conditions of parole form, a condition of which required that he register as a sex offender, and, according to petitioner, at which he was assessed 90 days.[1] Petition, p. 3. Petitioner avers that he had served his entire eight-year sentence, with no half-time credit, as of March 2, 2004, for possession of a firearm with an enhancement for serving a prior prison term. Petition, p. 5; traverse, p. 2.

---

[1] Respondent's Exhibit C, however, indicates that petitioner was not assessed any loss of time credits at the March 18, 2004 RVR hearing. Answer, pp. 2-5, Exh. C. Petitioner was evidently presented with a Notice of Sex Offender Registration Requirement, which he refused to sign on February 5, 2004, for which he was issued an RVR and assessed a 30 day credit loss on February 25, 2004. Answer, pp. 2, 5, Exh. B.

Petitioner further alleges that the March 18, 2004 RVR formed the basis for his referral to the Board of Prison Terms for an April 12, 2004, parole revocation hearing, which he also challenges herein, at which he claims the evidence was insufficient to warrant his being required to register as a sex offender; at that hearing, a document, the March 18, 2004 RVR report, was introduced which resulted in a six-month parole violation for petitioner. Id., p. 6. This violation kept petitioner from paroling on March 2, 2004. Id.

Pending before the court is petitioner's motion for discovery, filed on March 21, 2006, wherein he cites Rule 6, and lists a number of requests for production:

1. Any and all 128-G chronos and 128-G classification chronos from January 01, 1991 to date.
2. Any and all opinions if any to the above requested 128-G chronos.
3. Any and all 128-B chronos starting from January 01, 1991 to date, yet not unlimited [sic] to any opinions to the 128-B chronos.
4. Produce any and all documents and tape recording of petitioner's April 12, 2004 revocation hearing.
5. Produce any and all documents in petitioner's central file or in respondent D.L. Runnels' possession, or that he has access to, which pertain [sic] or is the result of the alleged indecent exposure case, which is alleged that petitioner has suffered and currently now before the instant court.
6. Produce any and all documents in respondent D.L. Runnels' possession that states petitioner Alonzo Reed is required to register, as well [sic] not required to register.
7. Produce any and all interdepartmental memoranda, policy directives of California Department of Corrections and High Desert State Prison that gives you jurisdiction to enforce the matter of registration in this matter.
8. All police, arrest and crime reports prepared by the Department, D. L. Runnels and the Attorney General or their agents in relation to the investigation and prosecution of this case.
9. Any and all statements regarding this case whether written or oral, made by potential witnesses in this case, whether or not the prosecutor intends to call them at trial. The contents of any such oral statement must be disclosed, only to the extent they are not presently contained in the police report given to the petitioner.
10. Any and all tangible evidence which relates to this case, not unlimited [sic] to radio, pictures, photos, books, records, reports made in the ordinary course of business, documents, or other tangible objects that are relevant to this case whether or not the prosecutor and or the Attorney General intends to introduce the evidence at trial.
11. Any and all documents, reports, memorandum, or other writing relating to prior acts of dishonesty or untruthfulness by

2

>each witness whom [sic] will be considered and or be call [sic] by the prosecution at trial of this case.

Petitioner appears to be laboring under the misconception that he is entitled to discovery in this action as in the ordinary civil case; however, "[p]arties in habeas cases, unlike those in ordinary civil cases, have no right to discovery." Bittaker v. Woodford, 331 F.3d 715, 728 (9th Cir. 2003), citing Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir.1993) ("there simply is no federal right, constitutional or otherwise, to discovery in habeas proceedings as a general matter" (in turn, citing Harris v. Nelson, 394 U.S. 286, 296, 89 S. Ct. 1082, 22 L. Ed. 2d 281 (1969))); see also, Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999) ("A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant. Bracy v. Gramley, 520 U.S. 899, 903-05, 117 S. Ct. 1793, 1796-97, 138 L. Ed. 2d 97 (1997).").

Discovery under the Federal Rules of Civil Procedure in a habeas case is only available:

>"if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rules Governing Section 2254 Cases in the United States District Courts [hereinafter Habeas Rules], Rule 6(a); see Bracy v. Gramley, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997).

Bittaker, supra, 331 F.3d at 728.

>The Supreme Court has stated that Rule 6(a) "is meant to be 'consistent' " with its holding in Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969), in which the Court held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Bracy v. Gramley, 520 U.S. 899, 908-09, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997) (quoting Harris, 394 U.S. at 300, 89 S.Ct. 1082) (alteration in original). Likewise, we have held that a district court abused its discretion in not ordering Rule 6(a) discovery when discovery was "essential" for the habeas petitioner to "develop fully" his underlying claim. Jones, 114 F.3d at 1009.

Pham v. Terhune, 400 F.3d 740, (9th Cir. 2005).

3

Far from establishing good cause for the discovery sought, petitioner does not set forth in his motion any basis upon which this court should direct that he be provided with the wide-ranging documents and materials he seeks.

> [C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation. See <u>Ward v. Whitley</u>, 21 F.3d 1355, 1367 (5th Cir.1994) (footnotes omitted) ("federal habeas court must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief.... Conclusory allegations are not enough to warrant discovery under Rule 6 ...; the petitioner must set forth specific allegations of fact. Rule 6 ... does not authorize fishing expeditions."), cert. denied, 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995); <u>United States ex rel. Nunes v. Nelson</u>, 467 F.2d 1380, 1380 (9th Cir.1972) (state prisoner "is not entitled to a discovery order to aid in the preparation of some future habeas corpus petition"); <u>Aubut v. State of Maine</u>, 431 F.2d 688, 689 (1st Cir.1970) ("Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence.").

<u>Calderon v. U.S. Dist. Court</u>, 98 F.3d 1102, 1106 (9th Cir. 1996).

Petitioner, by simply setting forth a litany of broad-reaching requests in this submitted habeas petition, has not made the requisite showing of good cause for this court to order respondent to produce the material sought.

Accordingly, IT IS ORDERED that petitioner's March 21, 2006, "motion for discovery" is denied.

DATED:  3/16/07                                           /s/ Gregory G. Hollows

                                                          GREGORY G. HOLLOWS
                                                          UNITED STATES MAGISTRATE JUDGE

GGH:009
reed0570.mtc