IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO REED,

      Petitioner,                     No. CIV S-05-0570 FCD GGH P

  vs.

SCOTT KERNAN, Warden,          FINDINGS AND RECOMMENDATIONS

      Respondent.

_____/

I. Introduction

      Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28 U.S.C. § 2254. Petitioner challenges a Rules Violation Report (RVR) hearing at High Desert State Prison on March 18, 2004, in which he was found guilty for refusing to sign a conditions of parole form, a condition of which required that he register as a sex offender. Petition, p. 3. Respondent's Exhibit C, however, indicates that petitioner was not assessed any loss of time credits at the March 18, 2004 RVR hearing. Answer, pp. 2-5, Exh. C. Petitioner was evidently presented with a Notice of Sex Offender Registration Requirement, which he refused to sign on February 5, 2004, for which he was issued an RVR for refusing to obey orders and assessed a 30 day credit loss on February 25, 2004. Answer, pp. 2, 5, Exh. B Petitioner, convicted in 1997 of being a felon in possession of a firearm pursuant to Cal. Penal Code § 12021(a), was sentenced

1

to an eight year prison term. Petitioner avers that he had served his entire eight-year sentence, with no half-time credit, as of March 2, 2004, for possession of a firearm with an enhancement for serving a prior prison term. Petition, p. 6, Traverse, p. 2. Petitioner maintains that the sentencing judge did not stipulate that parole was a part of his sentence. Petition, p. 6, Traverse, p. 26. The grounds of his challenge are: 1) violation of due process under the Fifth and Fourteenth Amendments in being illegally detained; 2) insufficient evidence to support petitioner's being required to register as a sex offender. Petition, pp. 6-7.

Petitioner further alleges that the March 18, 2004 RVR formed the basis for his referral to the Board of Prison Terms for an April 12, 2004, parole revocation hearing, which he also challenges herein, at which he claims the unspecified document produced was insufficient to warrant his being required to register as a sex offender, pursuant to Cal. Penal Code § 290; nor did the unspecified document sufficiently support the March 18, 2004 RVR disciplinary report's guilty finding, or the resulting six-month parole violation sentence. Petition, p. 7, Traverse, p. 2. This violation kept petitioner from paroling on March 2, 2004. Id. As petitioner may challenge only one conviction or decision in a petition for writ of habeas corpus, the court construes the petition as challenging the April 12, 2004, parole revocation hearing. See Rule 2(c) of the Rules Governing Section 2254 Cases.

II. AEDPA

The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this petition for habeas corpus which was filed after the AEDPA became effective. Neelley v. Nagle, 138 F.3d 917 (11th Cir.), citing Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059 (1997). The AEDPA "worked substantial changes to the law of habeas corpus," establishing more deferential standards of review to be used by a federal habeas court in assessing a state court's adjudication of a criminal defendant's claims of constitutional error. Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997).

\\\\\

In <u>Williams (Terry) v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495 (2000), the Supreme Court defined the operative review standard set forth in § 2254(d). Justice O'Connor's opinion for Section II of the opinion constitutes the majority opinion of the court. There is a dichotomy between "contrary to" clearly established law as enunciated by the Supreme Court, and an "unreasonable application of" that law. <u>Id</u>. at 1519. "Contrary to" clearly established law applies to two situations: (1) where the state court legal conclusion is opposite that of the Supreme Court on a point of law, or (2) if the state court case is materially indistinguishable from a Supreme Court case, i.e., on point factually, yet the legal result is opposite.

"Unreasonable application" of established law, on the other hand, applies to mixed questions of law and fact, that is, the application of law to fact where there are no factually on point Supreme Court cases which mandate the result for the precise factual scenario at issue. <u>Williams (Terry)</u>, 529 U.S. at 407-08, 120 S. Ct. at 1520-1521 (2000). It is this prong of the AEDPA standard of review which directs deference to be paid to state court decisions. While the deference is not blindly automatic, "the most important point is that an *unreasonable* application of federal law is different from an incorrect application of law....[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Williams (Terry)</u>, 529 U.S. at 410-11, 120 S. Ct. at 1522 (emphasis in original). The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. <u>Woodford v. Viscotti</u>, 537 U.S. 19, 123 S. Ct. 357 (2002).

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in arriving at their decision. <u>Early v. Packer</u>, 537 U.S. 3, 123 S. Ct. 362 (2002). Nevertheless, the state decision cannot be rejected unless the decision itself is contrary to, or an unreasonable application of, established Supreme Court authority. <u>Id</u>. An unreasonable error is one in excess of even a reviewing court's perception that "clear error" has

3

occurred. Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 1175 (2003). Moreover, the established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 537 U.S. at 9, 123 S. Ct. at 366.

However, where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

1) Due Process Claim

Petitioner maintains that he is not required to submit to a term of parole because he served his full eight-year prison sentence. Exhibit B to the Answer includes a copy of the RVR, dated 2/05/04, wherein petitioner was cited for refusing to obey orders, specifically refusing to sign or acknowledge a Cal. Penal Code § 290 (sex offender) registration requirement; Exh. C includes a copy of the RVR, dated 2/06/04, showing petitioner's parole date as 3/02/04, wherein petitioner refused to sign a CDC 1515 "condition of parole form," which petitioner herein does not dispute.

Both RVRs indicated that petitioner was informed that his refusal would be documented in a CDC-115. As to the RVR he received for refusing to sign the conditions of parole, that report indicates that petitioner was told that he could be found to be in violation of his parole for refusing to sign and could be retained in CDC, but that nevertheless petitioner refused to sign, averring that CDC was doing something illegal. The report indicates that

\\\\\

\\\\\

\\\\\

4

petitioner was informed that he would be receiving a CDC-115 for refusing to sign his conditions of parole.[1]  Exhibit (Exh.) C to Answer.

At the February 25, 2004, hearing on the RVR issued as a result of petitioner's refusal to sign or acknowledge the sex offender registration requirement,[2] petitioner was adamant that he had not been convicted on Cal. Penal Code § 314.1 for indecent exposure.  According to the report, petitioner was shown "a copy of page 6 of Los Angeles Municipal Court docket for case numver 91R16581," wherein petitioner "was found guilty of counts (2) and (8) both [647.6 P.C.] for the crime of 'Annoy/Molest Children' for which judgment was rendered requiring him to serve 365 days in Los Angeles County Jail."  Exh. B to Answer.  At this hearing, petitioner was assessed a 30-day credit loss for a Division F offense, as well as counseled and reprimanded.  This hearing is not specifically challenged in this petition.

At the March 18, 2004, hearing on the second RVR for refusing to sign the conditions of parole form, petitioner was found guilty of a Division F offense, in violation of CAL. CODE REGS. tit.xv, §3005(a).  Exh. C to Answer.  The hearing report sets forth that petitioner therein "I'm not on parole, the judge did not sentence me to parole.  I am not signing anything."  Id.  Petitioner was assessed no credit loss but was counseled and reprimanded.  Id.

Exh. D to the Answer is a copy of the "summary of revocation hearing and decision," held on April 12, 2004, wherein petitioner's parole was revoked for six months citing the issuance of the two RVRs noted above which evidently served as the basis for the revocation.  Exh. E to the Answer is a copy of a "summary of revocation hearing and decision" dated 9/30/04 (not challenged herein) showing that the first RVR, refusing to sign the mandatory Cal. Penal Code § 290 requirement was dismissed, but a six-month hold evidently issued at that hearing on the basis of petitioner's continued refusal to sign a conditions of parole form.

---

[1] The RVR indicates that petitioner is a participant in the Mental Health Services Delivery System at the CCCMS level.

[2] At which petitioner was noted to be a Developmental Disability Program (DDP) inmate.

1    Petitioner's Exh. E to the traverse is a copy of a March 16, 2005, summary denial

2 of a petition for review in the state supreme court.[3]   Neither party indicates that there was any

3 reasoned decision beyond the Sacramento County Superior Court decision; respondent maintains

4 that the last reasoned decision was the lower court decision.  Answer, p. 8.

5    In Exh. F to Answer, the Sacramento County Superior Court decision, filed on

6 October 6, 2004, stated in full:

> The petition for writ of habeas corpus has been filed and considered.  It is DENIED.
>
> Petitioner, who is currently housed at CSP-Sacramento, alleges that prison officials at High Desert State Prison improperly issued him a rules violation report for failing to sign conditions of parole. Petitioner acknowledges that he refused to sign but says his sentence had no parole term following it.  Petitioner was sentenced in Los Angeles County.  He also says he cannot be required to register as a sex offender because he has no conviction for a sex offense.
>
> "[A] 'sentence' includes both a prison term and any parole term. [Penal Code] §3000 states that '[a] sentence pursuant to Section 1168 or 1170 shall include a period of parole, unless waived, as provided in this section.'" (*People v. London* (1988) 206 Cal. App.3d 896, 910 [parole required when no prison term existed because of application of credits].)
>
> As to the generic question of whether the CDC could require petitioner to sign a form stating conditions of parole, the answer is "yes."  All prison terms include a parole term.  If petitioner thinks he is being asked to agree to incorrect conditions or that something about his sentence is special, he should file a habeas petition with the court that sentenced him. (See California Rules of Court, Rule 4.552(b).)

21    Under the "look through" doctrine, this order, evidently the last reasoned decision

22 of the state courts, constitutes the basis for the state supreme court's denial: "[w]here there has

23 been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding

24 that judgment or rejecting the same claim rest upon the same ground."  Ylst v. Nunnemaker, 501

---

[3] Respondent indicates that the denial is attached as Exh. D to the Answer, but it is not included with the Answer in the court's file.

U.S. 797, 803, 111 S. Ct. 2590 (9th Cir. 1991); Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000) (when reviewing a state court's summary denial of a claim, the court "looks through" the summary disposition to the last reasoned decision). Thus, the question on AEDPA review is whether the state court's decision that petitioner is subject to a term of parole in California and that he could therefore be required by the CDC (now CDCR) to sign a conditions of parole form is an unreasonable application of established Supreme Court authority. Plainly it is not.

Respondent argues that state-imposed requirements that petitioner be placed on parole and register as a sex offender following release from custody does not implicate a federal question and is simply a state law matter. Answer, p. 3. A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986); see also, Cooper v. Brown, 510 F.3d 870, 1001(9th Cir. 2007) ("[I]t is not the policy of the federal courts to re-examine state court determinations of state law questions.") Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377, 92 S. Ct. 2174, 2178 (1972).

The Supreme Court has reiterated the standards of review for a federal habeas court. Estelle v. McGuire, 502 U.S. 62, 112 S. Ct. 475 (1991). In Estelle v. McGuire, the Supreme Court reversed the decision of the Court of Appeals for the Ninth Circuit, which had granted federal habeas relief. The Court held that the Ninth Circuit erred in concluding that the evidence was incorrectly admitted under state law since, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Id. at 67-68, 112 S. Ct. at 480. The Court re-emphasized that "federal habeas corpus relief does not lie for error in

7

state law." Id. at 67, 112 S. Ct. at 480, citing Lewis v. Jeffers, 497 U.S. 764, 110 S. Ct. 3092, 3102 (1990), and Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75 (1984) (federal courts may not grant habeas relief where the sole ground presented involves a perceived error of state law, unless said error is so egregious as to amount to a violation of the Due Process or Equal Protection clauses of the Fourteenth Amendment).

The Supreme Court further noted that the standard of review for a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States (citations omitted)." Id. at 68, 112 S. Ct. at 480.  The Court also stated that in order for error in the state trial proceedings to reach the level of a due process violation, the error had to be one involving "fundamental fairness," Id. at 73, 112 S. Ct. at 482, and that "we 'have defined the category of infractions that violate "fundamental fairness" very narrowly.'" Id. at 73, 112 S. Ct. at 482.  "[A] violation of state law standing alone is not cognizable in federal court on habeas."  Park v. California, 202 F.3d 1146, 1149 (9th Cir.2000) (citing Estelle, 502 U.S. at 67, 112 S.Ct. 475); Little v. Crawford, 449 F.3d 1075, 1083 n. 6 (9th Cir. 2006)("mere error of state law" does not constitute "a denial of due process"); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.1997) (a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process," and that "alleged errors in the application of state law are not cognizable in federal habeas corpus.")

> This court has held repeatedly that "the California provisions for parole revocation do not present a substantial federal constitutional question." FN4  Eason v. Dickson, 9 Cir.1968, 390 F.2d 585, 589; Dunn v. California Department of Corrections, 9 Cir.1968, 401 F.2d 340, 342. Here the alleged violation of state law relates solely to state revocation procedures. There is no allegation that the decision of the California Adult Authority "was arbitrary or capricious"; nor are any facts alleged which might afford a basis for this contention.FN5 See Williams v. Dunbar, 9 Cir.1967, 377 F.2d 505, 506. The allegations of the complaint, if true, would not establish the deprivation of any constitutional rights.

Head v. Chavez, 411 F.2d 1222, 1223 (9th Cir. 1969).

\\\\\

Petitioner's flat assertion that he is not subject to a term of parole could only implicate federal due process if there were any basis for it. Petition, p. 6, Traverse, pp. 24-25. His arbitrary belief that serving his eight-year prison term without application of half-time credits discharges the application of any term of parole as part of his sentence simply is not supported by the law. Petitioner maintains that the trial judge did not "stipulate parole" as part of his sentence. Petition, p. 6, Traverse, pp. 26-27. As respondent observes, however, California courts have held that error in advising a defendant of his rights pursuant to Cal. Penal Code § 1170(c),[4] which states that the court should inform a defendant regarding a parole period at the time of sentencing, is only reversible error if a prisoner can show prejudice. Answer, p. 10, citing People v. Avila,[5] 24 Cal. App.4th 1455, 1459-60, 30 Cal. Rptr.2d 138 (1994); People v. McMillion, 2 Cal.App.4th 1363, 1370, 3 Cal.Rptr.2d 821 (1992). Where a defendant avers that he would not have entered a guilty plea had he been given the "proper advisement," evidence that the negotiated agreement resulted in a sentence considerably less than he could have received absent the plea mitigated any representation that the defendant suffered prejudice. People v. Avila, supra; see also, People v. McMillion, 2 Cal.App.4th at 1370, 3 Cal.Rptr.2d 821("[A]ny error in accepting a plea without such advisements may be set aside only if it is reasonably probable that appellant would have entered a different plea had he been properly advised.") As respondent also notes, petitioner has even less of a rationale for his position in that his sentence occurred as a result of a conviction by a jury and not a guilty plea. Answer, pp. 5, 10, Exh. A, Abstract of Judgment. The Ninth Circuit has held that even where a petitioner pled guilty in a case wherein the state trial judge undisputedly failed to inform petitioner at the time that he would thereafter

---

[4] "The court shall state the reasons for its sentence choice on the record at the time of sentencing. The court shall also inform the defendant that as part of the sentence after expiration of the term he or she may be on parole for a period as provided in Section 3000." Cal. Penal Code § 1170(c).

[5] Respondent has incorrectly identified names of both of these cases as People v. Aveoli and People v. Macmillan, respectively.

9

not be eligible for parole, petitioner failed, by simply alleging that he was not informed of the consequences of his plea, to make allegations of sufficient specificity to support his claim for relief.  Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir. 1979).  However, in Carter v. McCarthy, 806 F.2d 1373, 1374 (9th Cir. 1986), the Ninth Circuit held that a guilty plea is not made voluntarily and intelligently when the trial judge fails to inform a defendant "of a mandatory parole term concomitant to the sentence."  However, this holding does not assist petitioner herein as he cannot meet the threshold showing of having suffered a conviction by way of a plea.

Petitioner's challenge to the application of a period of parole following his prison term suffers substantively from petitioner's fundamental conceptual miscue on the merits in that he does not view parole as part of his overall criminal sentence, which it certainly is.  Under the Determinate Sentencing law, parole is not part of the prison term, but is required to be served after release from prison.  People v. Jefferson, 21 Cal. 4th 86, 95-96, 86 Cal. Rptr. 2nd 893 (1999).  Thus, in California a "sentence" in which a defendant is sent to prison is comprised of a prison term and a period of parole.  See Cal. Penal Code § 3000.[6]  Nothing in Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593 (1972), a case concerned with procedures to be used for parole revocation, created a constitutionally defined parole definition which was then binding

---

[6] "The Legislature finds and declares that the period immediately following incarceration is critical to successful reintegration of the offender into society and to positive citizenship..." Cal. Penal Code § 3000(a)(1). "At the expiration of a term of imprisonment of one year and one day, or a term of imprisonment imposed pursuant to Section 1170 or at the expiration of a term reduced pursuant to Section 2931 or 2933, if applicable, the inmate shall be released on parole for a period not exceeding three years, except that any inmate sentenced for an offense specified in paragraph (3), (4), (5), (6), (11), (16), or (18) of subdivision (c) of Section 667.5 shall be released on parole for a period not exceeding five years, unless in either case the parole authority for good cause waives parole and discharges the inmate from the custody of the department." Cal. Penal Code § 3000(b)(1). "In the case of any inmate sentenced under Section 1168, the period of parole shall not exceed five years in the case of an inmate imprisoned for any offense other than first or second degree murder for which the inmate has received a life sentence, and shall not exceed three years in the case of any other inmate, unless in either case the parole authority for good cause waives parole and discharges the inmate from custody of the department. This subdivision shall also be applicable to inmates who committed crimes prior to July 1, 1977, to the extent specified in Section 1170.2." Cal. Penal Code § 3000(b)(2).

upon the state. Rather, as background in reaching the procedure issues, the Supreme Court generically described the practical effect of parole, i.e., it is generally granted prior to the time one's stated prison sentence (just a part of the overall sentence) has not been completely served. Morrissey, supra, was not attempting to constitutionally preclude parole from being part of one's criminal sentence, even one completely served. Moreover, nothing in the federal constitution would preclude a state from mandating parole after service of a statutory maximum term. Indeed, that is how the federal sentencing laws are presently set up. One serves a prison term (including a prison term that is a statutory maximum), *and* one is also sentenced to supervised release with conditions (i.e., just like a parole term).

Petitioner's contention that the conditions of parole constitutes a contract to which, in refusing to sign the form, he is simply rejecting the contract and its terms is a fundamental misconception on his part. Petition, p. 6, Traverse, pp. 3, 26-27. CAL. CODE REGS. tit.xv, §2512(a) expressly states: "The parole conditions are not a contract but are the specific rules governing all parolees whether or not the parolee has signed the form containing the parole conditions. A violation of any of these conditions of parole may result in the revocation of parole and the parolee's return to prison." The California Supreme Court has stated unequivocally: "[U]nder the Determinate Sentencing Act of 1976, parole is not a matter of choice. The Board of Prison Terms must provide a period of parole; the prisoner must accept it." People v. Reyes, 19 Cal.4th 743, 749, 80 Cal. Rptr.2d 734, 737 (1998), citing Cal. Penal Code § 3000 et seq.[7]

> Due process requires that there be "some evidence" in the record to support a decision to revoke parole. Perveler v. Estelle, 974 F.2d 1132, 1134 (9th Cir.1992). Additionally, the evidence must bear "some indicia of reliability." Id. The "some evidence" standard is minimally stringent, such that a decision will be upheld if there is "' any evidence in the record that could support the conclusion reached by the disciplinary board.' " Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987) (citing Superintendent v. Hill, 472 U.S. 445,

---

[7] See also, dissenting opinion of J. Trott, citing CAL. CODE REGS. tit.xv, § 2512(a), in U.S. v. Crawford, 323 F.3d 700, 724-25 (9th Cir. 2003)("[C]onsent and waiver cannot be used to validate parole conditions, and neither can the lack thereof be used to invalidate them.")

11

455-56, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985)).

Powell v. Gomez, 33 F.3d 39, 40 (9th Cir. 1994).

Petitioner's claims of a violation of due process by being subjected to a term of parole should be denied. (See also, discussion below). Petitioner's baseless claim that he was subjected to "double jeopardy" by having been found guilty at an RVR hearing and having that RVR serve as a basis for a revocation of parole "because CDC and BPT are consider[ed] one and not independent of the other" (Traverse, p. 3) should also be denied.

2) Insufficient Evidence Claim

With regard to petitioner's claim that insufficient evidence supports the lifelong sex offender registration requirement, there are a number of deficiencies rendering that challenge unreachable herein. In the first place, petitioner does not specifically identify the RVR related to his failure to acknowledge the sex offender registration requirement as challenged herein. To the extent that it served as a basis for the six-month parole revocation he does challenge, respondent's point is well-taken that in the following parole revocation hearing that occurred on September 30, 2004, the failure to sign a notice of sex offender registration requirement was dismissed as a charge and thus the additional subsequent six-month revocation was predicated solely on petitioner's refusal to sign the general conditions of parole form. Answer, pp. 3, 5, 10-11, Exh. E. While respondent avers that this renders the sex offender registration claim moot, the actual basis for not reaching the claim is that petitioner, by the time he filed the instant petition, on March 24, 2005, on the face of it, was not in custody as a result of a failure to sign or acknowledge a requirement to register as a sex offender per Cal. Penal Code § 190. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490, 109 S. Ct. 1923, 1925 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)). The "in custody" requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under

attack at the time his petition is filed." Maleng, 490 U.S. at 490-491, 109 S. Ct. at 1925 (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). This is because the writ of habeas corpus functions primarily to secure immediate release from illegal physical custody. Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833 (1973).[8]

Even assuming, however, that he was, and that such requirement was void or sought against him improperly, the Ninth Circuit has long held that:

> [N]either the imposition of a void condition of parole nor the finding that a parolee violated a void condition creates any constitutional issue where, as here, grounds other than violation of the void condition support revocation of parole. A constitutional question is presented only if the action of the Adult Authority is arbitrary and capricious [internal citation omitted]. When a parolee has been found in violation of valid conditions of parole the revocation of parole is not arbitrary and capricious and it does not become so simply because the Authority also found that he violated a void condition.

Mead v. California Adult Authority, 415 F.2d 767 (9th Cir. 1969). In this case, in addition to the RVR based on the refusal to obey orders by failing to acknowledge the sex offender registration requirement, petitioner's April 12, 2004, parole revocation occurred as a result of the RVR issued for his having failed to sign the general conditions of parole form. The September 30, 2004, revocation, not challenged herein, was based, as noted, solely on petitioner's continued failure to sign the conditions of parole, the hearing officer having found that petitioner need not again be notified of sex offender registration requirements, thus dismissing that charge. Answer, pp. 3, 10-11, Exh. E. Thus, petitioner was not in custody at the time of the filing of this petition as a result of having failed to acknowledge a sex offender registration requirement.

\\\\\

---

[8] Moreover, the Ninth Circuit has found that California's sex offender registration requirement does not of itself meet the "in custody" requirement, deeming the annual registration requirement "merely a collateral consequence of conviction that is 'not [itself] sufficient to render an individual 'in custody for the purposes of a habeas attack upon it.'" Henry v. Lungren, 164 F.3d 1240, 1242 (9th Cir. 1999), quoting Maleng v. Cook, supra, at 492, 109 S. Ct. at 1926.

Respondent contends that petitioner suffered two prior convictions for annoying and/or molesting children in violation of Cal. Penal Code § 647.6 (annoying or molesting child under 18), and two convictions for indecent exposure in violation of Cal. Penal Code § 314.1, all in 1991. Answer, pp. 2, 10-11, Exhs. A & B. Respondent argues that, pursuant to Cal. Penal Code § 290(a)(2), such offense(s) requires an individual to register as a sex offender upon release from custody. The court's review indicates that under Cal. Penal Code § 290(c), anyone convicted, inter alia, of a violation of Cal. Penal Code § 314, subdivision 1, is required to register as a sex offender. In addition, the court's review of petitioner's criminal history or rap sheet (Exh. A) provided by respondent shows one misdemeanor conviction for a violation of Cal. Penal Code § 647.6; a misdemeanor conviction for a violation under Cal. Penal Code § 647(A) for "disorderly conduct; solicit lewd act"; two misdemeanor convictions for violation of Cal. Penal Code § 314.1, the latter of which resulted in a 365-day jail sentence. Included in the criminal history sheets is the notation "COM: REGISTER PER 290 PC."

Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593 (1972) established the minimum due process requirements for a parole revocation hearing:

> a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

According to the notes in the "summary of revocation hearing and decision," dated April 12, 2004, the hearing officer/panel noted to CDC staff that "CDC needs to verify that a 290 P.C. Reg. Requirement is valid. Abstract of judgment, proof of conviction. No RAP available today. Please provide same at next hearing." Exh. D to Answer. However, in the earlier RVR dated Feb. 5, 2004, issued for refusal to obey orders re: the sex offender registration requirement, it is noted that petitioner at that time was provided with a copy of a page of a Los

14

Angeles Municipal Court case docket showing petitioner had been convicted of two counts in violation of Cal. Penal Code § 647.6, requiring him to serve 365 days in jail, and wherein it was noted he was therein ordered to register per Cal. Penal Code § 290. This was also documented at the Feb. 25, 2004 RVR hearing.[9] Exh. B to Answer. In the copy of the "summary of revocation hearing and decision," dated September 30, 2004 (Exh. E to Answer), it is noted that petitioner indicated he had not been convicted of indecent exposure but that his C-file contained a copy of a trial result of a 1991 conviction certified by a "muni court clerk," and petitioner was provided a copy during that hearing. In any event, the RVR for disobeying orders by not acknowledging the registration requirement was dismissed at that revocation hearing as previously noted evidently because the CDC had discharged its notification obligation. Exh. E to Answer.

Petitioner argues vehemently that he has never been provided, despite prison officials' and respondent's representations otherwise, with any of the documents providing the basis for his being required to register as a sex offender and that no such documents exist. Traverse, p. 4. He maintains that the registration requirement was part of the conditions of parole to which he objected (which is a separate argument from whether or not he should be subject to a parole term at all). Traverse, pp. 8-9. He believes he was subjected to the February 5, 2004 RVR (not at issue herein) in retaliation for filing grievances against prison officials, a claim that is not apposite in the context of this habeas petition. Traverse, pp. 8, 17-21. Petitioner seeks improperly to allege specific violations of procedural due process with respect to the 1991 sex offense case only in the traverse, a conviction for which he claims to have no recollection, not affording respondent the opportunity to address any such claim. Indeed, the Supreme Court has held such an attempted collateral attack non-cognizable. Lachawanna County, etc. v. Coss, 532

---

[9] At that hearing, it was also noted in the "Findings" that petitioner was informed that he had been convicted of Cal. Penal Code § 314.1 which was a felony offense requiring registration without a court order. However, while Cal. Penal Code § 290(c) does show that conviction for this offense requires sex offender registration, the criminal history provided for petitioner herein does not demonstrate that the § 314.1 (indecent exposure) conviction was classified as a felony.

15

U.S. 394, 121 S. Ct. 1567 (2001).  The state court decision informing petitioner that any challenge to the requirement that he register as a sex offender pursuant to Cal. Penal Code § 290 should be, or should have been brought [long ago], in the sentencing court or with regard to the conviction that gave rise to the registration requirement, is well-founded and not an unreasonable application of established Supreme Court authority.  This claim of the petition should also be denied.

Accordingly, IT IS HEREBY RECOMMENDED that this petition be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 04/01/08

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
reed0570.fr